FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                                Page 1 of 9
3:08cr22-003LAC - RUBLE KEYS a/k/a "Crazy Horse"

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                 Case # 3:08cr22-003LAC

**RUBLE KEYS a/k/a "Crazy Horse"**
                                                                          USM # 70977-065

                                                                          Defendant's Attorney:
                                                                          Donald M. Sheehan (Appointed)
                                                                          1500 West Garden Street
                                                                          Pensacola, Florida 32501

_____
**JUDGMENT IN A CRIMINAL CASE**

The defendant pled guilty to Counts 1, 2, 7, & 30 of the Superseding Indictment on May 6, 2008. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 2252A(g) | Engaging in a Child Exploitation Enterprise | March 18, 2008 | One |
| 18 U.S.C. §§ 371, 2251(e), 2252A(b(1)) and 1512(k) | Conspiracy to Advertise the Exchange of Child Pornography, Knowingly Transporting and Shipping Child Pornography in Interstate and Foreign Commerce via the Computer, Receipt and Attempted Receipt of Child Pornography, Possession of Child Pornography Shipped or Transported in Interstate Commerce and Obstruction of Justice | March 18, 2008 | Two |
| 18 U.S.C. §§ 2251(d)(1) and 2 | Advertising the Exchange of Child Pornography | March 18, 2008 | Seven |
| 18 U.S.C. §§ 2252A(a)(2) and 2 | Receipt and Attempted Receipt of Child Pornography | March 18, 2008 | Thirty |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

Count Forty dismissed on the motion of the United States.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 2 of 9*
*3:08cr22-003LAC - RUBLE KEYS a/k/a "Crazy Horse"*

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
March 10, 2009


*s/L.A. Collier*
LACEY A. COLLIER
SENIOR UNITED STATES DISTRICT JUDGE

March 16, 2009

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*     *Page 3 of 9*
*3:08cr22-003LAC - RUBLE KEYS a/k/a "Crazy Horse"*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **204 months as to Counts 1, 2, 7, and 30, with each count to run concurrently , one with the other.**

The Court recommends to the Bureau of Prisons: It is the recommendation of the Court that while the defendant is incarcerated he shall participate in a Sex Offender Treatment Program or other such similar program offered through the Bureau of Prisons.

    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life as to Counts 1, 2, 7, and 30, with each count to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

### ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

"In accordance with 42 U.S.C. § 16913 and Florida Statutes 775.21 and 943.0435, the defendant shall register as a sex offender in each jurisdiction where he resides, is employed, or is a student. For initial registration purposes, the defendant shall also register in the jurisdiction in which he was convicted if such jurisdiction is different from the jurisdiction of residence. The defendant shall initially register before completing a sentence of imprisonment with respect to the offense giving rise to the registration. The defendant is required to keep the registration current by appearing in person in at least one jurisdiction in which the defendant is registered and reporting any changes in name, residence, employment, or student status not later than 48 hours after the change has occurred.

"The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of eighteen without the prior permission of the supervising probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect contact, whether personally, by computer, telephone, letter or through a third party. If the defendant has any contact with any child (person under the age of 18), not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation officer immediately.

"The defendant is prohibited from volunteering, engaging in leisure activities, or frequenting places where minor children congregate, including, but not limited to, schools, swimming areas, parks, playgrounds, child care facilities, shopping malls, arcades, theaters, and other recreational areas.

"The defendant shall participate in a sex offender treatment program which may include testing by the treatment provider. The defendant may be required to pay or contribute to the cost of services rendered based upon financial ability.

"The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

"The defendant shall not possess or have under his control any pornographic, sexually oriented, or sexually stimulating material, including visual, auditory, telephonic, or electronic media. The defendant shall also not patronize any establishment where such material or entertainment is available.

"The defendant shall not possess nor have under his control any material that depicts sexual activities with minors or actors representing themselves to be under the age of eighteen.

"The defendant shall not possess or use a computer, cellular telephone, or any device with access to any on-line service at any time (including employment) at any location without prior written approval from the supervising probation officer. This includes access through any Internet service provider, bulletin board system, e-mail system, or any public or private computer network system. The defendant shall permit routine inspection of his/her computer system or any other computer system maintained at the defendant's residence to include hard drives and any media storage materials, to confirm adherence to this condition. The inspection shall be no more intrusive than is absolutely necessary to ensure compliance with the defendant's conditions of supervision. The defendant shall consent to the installation of any hardware/software systems designated to monitor computer activities on any computer the defendant is authorized to use. The defendant shall inform his/her employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provisions of the condition. Further, the defendant shall be required to contribute to the costs of the computer monitoring based upon his financial ability at the time.

"The defendant's employment shall be restricted to the district and division where he resides and is supervised, unless approved by the Court. Prior to accepting any form of employment, the defendant shall seek the approval of the probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community the defendant will pose if employed in a particular capacity. Employers shall be informed of the defendant's offense of conviction.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*   *Page 7 of 9*
*3:08cr22-003LAC - RUBLE KEYS a/k/a "Crazy Horse"*

"The defendant's residence shall be pre-approved by the probation officer to ensure the defendant is in compliance with local or county ordinances and state law.

"The defendant shall not rent or have control of a post office box or storage unit, without prior knowledge and approval of the supervising probation officer. The defendant is also required to allow the supervising probation officer access to the post office box or storage unit as deemed warranted to enforce any conditions imposed by this Court.

  Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

_____     _____
**Defendant**                                                                                              **Date**


_____     _____
**U.S. Probation Officer/Designated Witness**                      **Date**

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $400.00 | $0 | $0 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$400.00 ($100.00 each count)** is imposed and is to be paid immediately.

No fine imposed.
No restitution imposed.